MORRIS et al. v. SHNIER et al.

No. 32366. April 12, 1949.
Rehearing Denied May 3, 1949.

*205 P. 2d 877.*

Arnold T. Fleig and Walter L. Gray, both of Oklahoma City, for plaintiffs in error.

Twyford, Smith & Crowe, of Oklahoma City, for defendants in error.

WELCH, J. This action was instituted to quiet title to certain lots or portions of lots in Oklahoma City, Oklahoma. The plaintiff asserted ownership of the land by virtue of a county treasurer's resale tax deed. The property was sold in 1944 for paving assessments levied for the years 1911 to 1920. The named defendants, record owners at the time of resale, attacked the resale deed contending the assessments had become extinguished prior to the time of resale, and further that the county treasurer was without authority to conduct the sale because of a prior court proceeding for foreclosure of the assessments and wherein a restraining order against resale had been issued.

Judgment was rendered in favor of the plaintiff, and defendants appeal.

For reversal of the judgment defendants assert the resale proceedings were shown to be invalid. The same contentions are here made as in the trial court and mentioned above.

The records herein, and. in a companion case, to which all parties refer in their briefs, reflect that holders of street improvement bonds, the bonds representing liens against the property involved, filed agreements to accept refunding bonds to be issued under the provisions of an act of the Legislature 1939, 11 O.S. 1941 §§242a-242o, and that such agreements were filed within the time limit provided in the act, 11 O.S. 1941 §242. The refunding bonds were never used. (Secs. 242a-242o, repealed, Acts 1947.)

In the companion case referred to, Morris v. Rosecrans et al., 200 Okla. 124, 191 P. 2d 189, it was held, as noted in the second paragraph of the syllabus:

"When the holder of street improvement bonds issued under the provisions of the Revised Laws of 1910, art. 12, chap. 10, files an agreement to accept Street Improvement Refunding Bonds therefor under the provisions of 11 O. S. 1941 §§241, 242, 242o, Session Laws 1939, p. 156, the lien of the bonds is not extinguished by that act, though the refunding bonds are not issued; and the county treasurer may proceed by sale for enforcement of the lien in the same manner as for the enforcement of liens for other taxes."

We regard this holding as decisive of the questions presented in defendants' first contention.

The defendants' other contentions are the same as were fully presented in the Rosecrans case, and under the identical state of facts as are shown in the record herein.

We adopt the holdings in Morris v. Rosecrans, supra, as determinative of the issues presented in this appeal.

The judgment is affirmed.

No. 32912.   March 8, 1949.
Rehearing Denied May 3, 1949.